4L 466
16L 511

## T. C. GAYLE *v.* THE STATE.

CRIMINAL LAW. *Carrying arms. Officers.* Officers with criminal process to execute may lawfully go armed, but Sheriffs, Constables, Trustees, and other officers with mere civil process to execute, are liable to indictment for carrying a pistol, except as prescribed by statute.

### FROM MADISON.

Appeal in error from the Common Law Court of Madison County. H. W. McCORRY, J.

J. L. H. TOMLIN for Gayle.

Attorney-General LEA for the State.

McFARLAND, J., delivered the opinion of the Court.

The question in this case is whether a back tax collector, while *bona fide* engaged in distraining property for the collection of taxes, is under the exception of the statute against carrying arms.

That part of the 3rd section of the Act of 1879, chap. 186, material to be noticed is as follows: " The provisions of this Act shall not apply * * to any officer or policeman while *bona fide* engaged in his official duties in the execution of process, or while searching for or arresting criminals, nor to persons who may have been summoned by such

officer or policeman in the discharge of their said duties, and in arresting criminals and in transporting and turning them over to the proper authorities."

A tax collector is an officer. The tax list in his hands is such process as authorizes him to distrain the property of delinquents, and while doing so he is engaged in the discharge of his official duty in the execution of process, and so it may be said the case is within the letter of the statute.

Nor would we be at liberty to disregard the plain language used upon what we might suppose to be the better policy in such cases. We may, however, look to the general objects and purposes of the Legislature, and adopt a construction consistent therewith, provided it is not in conflict with the clearly expressed intention of the Act itself. All the recent legislation upon the subject has manifested a strong purpose to suppress the pernicious habit of carrying concealed weapons, and it cannot be supposed that the Legislature intended to extend the exception to such an extent as impairs the force of the prohibition, or to allow the unnecessary use of such weapons. To exempt from the provision of the Act every constable or other officer who may have a warrant or other mere civil process to execute, and every tax collector who may distrain for taxes, and other officers in the execution of mere civil process, would not be consistent with the general objects of the law.

It cannot be said that there is any necessity for the use of arms in such cases. The duties to be performed do not need to be enforced with a pistol; while on the other hand, in the execution of criminal process, or in searching for or arresting criminals, there may be a real necessity for allowing officers to provide themselves with the means of preventing resistance. In this view, looking to the objects and purposes of the law, we think the Act should be construed to exempt only such officers as may be engaged in the execution of criminal process, or arresting or searching for criminals. The word "officer," used in the Act, means officer engaged in the discharge of duties pertaining to the execution of the criminal law or preserving the public peace. The connection in which the words "officer or policeman" occur shows the sense in which they were used. Such was the opinion of the Circuit Judge, and the judgment of conviction should be affirmed. A contrary construction would allow a great body of the civil officers of the State, who should be the conservators of the peace, to violate, with impunity the salutary restrictions placed upon the balance of the community.

Affirm the judgment.